896 F.2d 554
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles O. CARR, Defendant-Appellant.
 No. 89-3894.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1990.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Charles O. Carr was charged with a violation of 18 U.S.C. Sec. 641, in that over a period of several years he received and forged Social Security checks made out to his mother, who had died. According to appellant's own statement of the facts, this allegation was admitted to by Carr, who claimed that as a fundamentalist Christian, he had a "consecrated right" to receive and cash the checks made out to his deceased mother. Appellant admitted that he rented the post office box to which the checks were sent, and that he signed them all.
 
 
 2
 Appellant was also charged, under 18 U.S.C. Sec. 1001, with sending a letter to the U.S. Attorney falsely alleging that personnel in the Health and Human Services office were taking bribes. When an agent of the government contacted appellant in 1988 advising him of an investigation into his deceased mother's checks, he allegedly mailed the letter in question. Appellant denied this allegation, but handwriting analysts with the Secret Service were of the opinion and so testified that the letter had been written by appellant.
 
 
 3
 Carr waived his right to a trial by jury, and was found guilty on both counts by the district court. At sentencing, the court found that the defendant could be imprisoned for a period of 10 to 16 months under the Sentencing Guidelines. The court sentenced Carr to five months in prison, followed by two years of supervised release, with the first five months to be served in a half way house.
 
 
 4
 On appeal, Carr raises three issues: first, that the trial court erred in allowing the case to proceed with the plaintiff listed as the United States of America, rather than the Department of Justice; second, that the trial court erred in refusing to allow Carr to subpoena 22 witnesses on the grounds that their proposed testimony would be irrelevant and inadmissible; and third, that Carr was denied his right to receive an individualized sentence. On this third point, Carr's argument is that he should not have been subjected to any prison sentence, apparently because of his "consecrated right" to cash his late mother's checks.
 
 
 5
 We find these contentions of error to be without merit. They are not supported by the record or by any references to relevant law. Carr has failed to demonstrate any error or prejudice from the fact that the plaintiff in this action was the United States of America. His lenient sentence was well within the bounds of the law, and he has failed to demonstrate that the district court's refusal to allow 22 witnesses to be subpoenaed was in any way an abuse of the court's discretion.
 
 
 6
 Accordingly, we AFFIRM the judgment of the district court.